22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Bienvenido P. MUTIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3568.
 United States Court of Appeals, Federal Circuit.
 March 17, 1994.
 
 Before RICH, NEWMAN, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Bienvenido P. Mutia appeals the August 31, 1993 decision of the Merit Systems Protection Board, Docket No. SE0831930282-I-1, affirming the decision of the Office of Personnel Management that Mr. Mutia is not entitled to an annuity under the Civil Service Retirement Act (CSRA), ch. 1148, 68 Stat. 1004, 1005 (1948). We affirm.
 
 Discussion
 
 2
 Mr. Mutia retired on March 30, 1983 after approximately 27 years of service as a civilian employee with the United States Air Force and the United States Army Signal Group in the Philippines. Mr. Mutia had two periods of service. The first, from August 1, 1956 until he was separated by a reduction-in-force on June 30, 1964, was an excepted service indefinite appointment. The second period, from July 1, 1964 until on March 30, 1983, was under a series of excepted service, temporary, and indefinite appointments paid for out of nonappropriated funds. On March 7, 1986 Mr. Mutia applied for a retirement annuity under the CSRA based on these years of service.
 
 
 3
 In order to be eligible for a retirement annuity based on service after August 31, 1954, an excepted-indefinite employee must have completed a minimum of five years of creditable service, with at least one year of the final two years of service "covered" by the CSRA. See 5 U.S.C. Sec. 8333(a)-(b). Mr. Mutia did not meet this requirement. In accordance with the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986, certain employees performing service prior to January 1, 1966 were permitted to receive civil service retirement credit for:
 
 
 4
 service performed by any individual as an employee described in section 2105(c) of this title after June 18, 1952, and before January 1, 1966, if (A) such service involved conducting an arts and crafts, drama, music, library, service club, youth activities, sports, or recreation program (including any outdoor recreation program) for personnel of the armed forces, and (B) such individual is an employee subject to this subchapter on the day before the date of the enactment of the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986.
 
 
 5
 5 U.S.C. Sec. 8332(b)(16).
 
 
 6
 Although Mr. Mutia accumulated more than 5 years of creditable service, he did not meet the requirement of having at least one year in the final two years of employment in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b). As to his appointment to service paid for out of nonappropriated funds, this service was neither creditable service nor covered service because his retirement on April 30, 1983 predated the critical date of November 9, 1986 for the service exception. See 5 U.S.C. Sec. 8332(b)(16). Mr. Mutia had never been part of the CSRA system; he had no payroll deductions, and several of his personnel records specifically stated that he was not covered by the CSRA. The Board held he is not entitled to a CSRA retirement annuity.
 
 
 7
 Mr. Mutia argues that the length of his service entitles him to an annuity under the CSRA. However, length of service alone is insufficient. We discern no error in the Board's application of the statute and regulations to the facts of Mr. Mutia's employment.